UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS,<br>        Plaintiff,<br>    v.<br>D. BROCK, et al.,<br>        Defendants. | Case No. 16-02057 EJD (PR)<br>**ORDER OF SERVICE** |

        Plaintiff, a state inmate at the California Health Care Facility, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP").  On July 28, 2016, the Court issued an order of service.  On August 10, 2016, the Litigation Coordinator at PBSP filed a letter with the Court indicating that the personnel department was unable to locate Defendant "J." Simpson.  (Docket No. 13.)  The Litigation Coordinator indicated that there were two officers with the last name Simpson but both have the first initial "R."  Due to not having complete identifying information, the documents were returned to the Court.  (Id.)  On September 9, 2016, the Court directed Plaintiff to file a notice providing the Court with accurate and current identifying information for Defendant J. Simpson such that the Marshal is able to effect service. Plaintiff was further informed that if he wanted to amend the complaint and provide

information identifying one of the "R." Simpsons as the proper defendant, he must file notice with the Court. (Docket No. 20.) Plaintiff has filed notice identify "R." Simpson as the correct Defendant in these proceedings rather than "J." Simpson. (Docket No. 22.) In addition, Plaintiff has provided identifying information regarding "R." Simpson, including his approximate age and work assignment. (Id.) Plaintiff identifies "R." Simpson as a white male of approximately fifty years of age. He further provides that "R." Simpson was a floor officer in the crisis unit at PBSP from June to September, 2015. (Id.) In addition, "R." Simpson worked in the Psych Security Housing Unit 2 Block on Third Watch. (Id.)

## CONCLUSION

Plaintiff, having provided the information required by the Court's Order dated September 9, 2016, the Court orders as follows:

1. The Clerk of the Court shall terminate Defendant J. Simpson and add Defendant R. Simpson to this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, (Docket No. 1), the Court's Order dated July 28, 2016, (Docket No. 6), and a copy of this order upon **Correctional Officer R. Simpson** at Pelican Bay State Prison. The Clerk shall also mail a copy of this Order to Plaintiff and to Attorney General Bryan An-Chieh Kao at the California State Attorney General's Office in San Francisco Office.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, he will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if

Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty (60) days from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    4.    **No later than ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a.    If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant shall do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).  The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendant's motion to dismiss.  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant **no later than twenty-eight (28) days** from the date Defendant's motion is filed.

   a. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).

   Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendant shall file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      11.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __10/17/2016_____  
_____
EDWARD J. DAVILA
United States District Judge

Order of Service
P:\PRO-SE\EJD\CR.16\02057Thomas_service_Simpson.docx 5